[J-50-2018] [OAJC/OISR:Wecht, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 753 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated June 23, |
| | : | 2017 in the Court of Common Pleas, |
| | : | Dauphin County, Criminal Division at |
| v. | : | No. CP-22-CR-0001773-2000. |
| | : | |
| | : | SUBMITTED:  May 14, 2018 |
| HERBERT BLAKENEY, | : | |
| | : | |
| Appellant | : | |

## OPINION IN SUPPORT OF AFFIRMANCE

**JUSTICE MUNDY**                                         **DECIDED:  September 21, 2018**

I join Justice Dougherty's opinion in support of affirmance (OISA) in all respects, except for his discussion of *Commonwealth v. Chmiel*, 173 A.3d 617 (Pa. 2017), upon which the Opinion in Support of Reversal (OISR) relies.  In *Chmiel*, the defendant attempted to invoke Section 9545(b)(1)(ii) of the PCRA based on a Washington Post newspaper article in which the Federal Bureau of Investigation acknowledged that "nearly every examiner in an elite FBI forensic unit gave flawed [hair microscopy] testimony in almost all trials in which they offered evidence against criminal defendants over more than a two-decade period before 2000." *Chmiel*, 173 A.3d at 622.  This Court concluded that this "public admission by the FBI, as the nation's premier law enforcement agency and the proponent of this forensic technique, of widespread error" was a newly-discovered fact. *Id.* at 626.  The Majority in *Chmiel* reached this conclusion despite any showing from Chmiel that the FBI had any direct or indirect involvement in his case.  I

continue to believe *Chmiel* was incorrectly decided. *See generally id.* at 631-33 (Mundy, J., dissenting).

Nevertheless, *Chmiel* is readily distinguishable from the instant matter. As Justice Dougherty correctly illustrates, Blakeney's assertions of judicial bias based on race and religion are, at best, imprecise and vague. OISA of Dougherty, J., at 4. Such allegations cannot be material facts upon which Blakeney's underlying claim for relief is "predicated." 42 Pa.C.S. § 9545(b)(1)(ii). Consonant with my position in *Chmiel*, I conclude that, similar to the FBI forensic analysis, Blakeney's allegations cannot satisfy Section 9545(b)(1)(ii), "because the purported newly-discovered facts do not affect his case." *Chmiel*, 173 A.3d at 633 n.2 (Mundy, J., dissenting). Therefore, aside from his discussion of *Chmiel*, I agree with the balance of the reasoning set forth in Justice Dougherty's OISA. Accordingly, I respectfully disagree with the portion of the OISR that would reverse the PCRA court's order dismissing Blakeney's serial PCRA petition as untimely filed.